UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JULY 2, 2008
08CV3769

| | |
|---|---|
| Davonia Brooks-Sorrell<br>817 Greenbriar Ln.<br>University Park, IL 60466<br><br>   Plaintiff,<br><br>v.<br><br>More Star, LLC<br>200 Public Square<br>Cleveland, OH 44114<br><br>   Defendant. | CASE NO.:   JUDGE ST. EVE<br>MAGISTRATE JUDGE SCHENKIER<br><br>JUDGE:   PH<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around December 21, 2007, Defendant telephoned Plaintiff in an attempt to collect a debt and Plaintiff's son ("Son") answered the phone.

10. During this communication, Defendant told Son that it was very important for Plaintiff to contact Defendant because Plaintiff owed a lot of money and if Plaintiff did not handle this situation, Plaintiff could be arrested.

11. On or around December 21, 2007, Plaintiff returned Defendant's telephone call, terrified because of Defendant's communication with Son.

12. During this communication, Defendant demanded that Plaintiff make a payment for the debt.

13. Plaintiff stated that Plaintiff would be willing to make arrangements but would need to do so after the holiday season as Plaintiff had been working shorter hours at work.

14. Defendant refused and told Plaintiff that if Plaintiff did not make a payment that day, Defendant would have a warrant issued for Plaintiff's arrest and the police would come and arrest Plaintiff.

15. Plaintiff was terrified of being arrested because Plaintiff's family would not be able to support itself without Plaintiff's income.

16. As a result, Plaintiff agreed to make payments to Defendant and provided her bank account information so that Defendant could withdraw periodic payments.

17. After meeting with a legal professional and retaining an attorney for bankruptcy, Plaintiff canceled the pending payments to Defendant and closed the account from which Defendant was withdrawing payments.

18. On or around April 11, 2008, Defendant telephoned Plaintiff.

19. During this communication, Defendant queried why Plaintiff had closed the above referenced account.

20. Plaintiff responded that Plaintiff had retained an attorney for filing bankruptcy and that Plaintiff felt the payment agreement was coerced under false pretenses of arrest.

21. Defendant then stated that unless Plaintiff remitted payment for the above referenced agreement, Defendant would proceed with pressing felony fraud charges against Plaintiff.

22. Defendant further stated that, even if Plaintiff filed for bankruptcy, Plaintiff would still have to pay for the debt.

23. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to Plaintiff's Son.

39. The disclosure of Plaintiff's debt, accusation of a crime, and the threat of legal action to this party is highly offensive.

40. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

41. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

42. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

43. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

44. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

45. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

46. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

47. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

48. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

d. For such other legal and/or equitable relief as the Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    Bar ID # 6290807
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone: 866-339-1156
    Email: tjs@legalhelpers.com
    Attorneys for Plaintiff